| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE KOSCIUSKO CIRCUIT COURT |
| ) SS: | | |
| COUNTY OF KOSCIUSKO ) | | CAUSE NO._____ |
| TARA DODSON, ) | | 43C01-1910-CT-000067 |
| Plaintiff, ) | | |
| v. ) | | |
| ZIMMER, INC., ) | | |
| Defendant. ) | | |

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Tara Dodson, a qualified employee of the Defendant who at all times material to this Complaint performed within the reasonable expectations of her employer. Plaintiff contends that she was discriminated against and retaliated against on the basis of her disability/perceived disability/record of impairment in violation of her rights under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff also contends that she was discriminated against and retaliated against for utilizing time off work to tend to her serious medical condition in violation of her rights under the Family Medical Leave Act, 42 U.S.C. § 2601 *et seq.* ("FMLA").

2. Defendant is Zimmer, Inc., a company doing business at 1800 W. Center Street, Warsaw, Indiana 46580. Defendant's registered agent is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. Defendant is an "employer" for the purposes of the ADA and the FMLA.

–1–

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 16, 2019, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A". The EEOC issued its Dismissal and Notice of Rights on August 16, 2019, a copy of which is attached hereto and made a part hereof as "Ex. B". All jurisdiction prerequisites have been met and all administrative remedies exhausted for the filing of this Complaint.

4. Plaintiff was employed by the Defendant from September 24, 2008 until her wrongful termination on October 29, 2018. At the time of separation from employment Plaintiff's job title was Packager.

5. On or about July 20, 2018 Plaintiff was taken off work by her doctor so she could tend to her serious medical condition. Plaintiff sought and was approved for time off work pursuant to the FMLA, and also pursuant to her employer's short-term disability insurance plan.

6. While on leave, Plaintiff attempted to keep in contact with Defendant (particularly her supervisor) to keep Defendant informed of her condition/progress. However, Plaintiff's supervisor refused to communicate with her or give her the contact information for whom she needed to speak to in HR to stay in contact with the company. On August 14, 2018 Plaintiff sent an email to Meggen Davis in HR and complained about her supervisor's behavior and the disability discrimination she perceived to be occurring.

7. On or about October 16, 2018 Plaintiff was released without restrictions to return to work. Plaintiff reported to work and worked an eight (8) hour shift without incident.

8. However, on or about October 17, 2018 Plaintiff received a voicemail as she arrived to work from Matthew Linville, an HR representative of the Defendant's, notifying Plaintiff that the Defendant was "deferring" her return from FMLA, and that she was not to return to work that day. Plaintiff met with Linville and was told they had to "check with their legal department" and would call her within two days. No call came as promised.

9. On October 19, 2018 Plaintiff reached out via email to Defendant's HR department (both Matthew Linville and Meggen Davis) to inquire about returning to work, in addition to leaving a voicemail asking for a return call, but no one responded.

10. On October 20, 2018 Plaintiff emailed Bryan Hanson, Defendant's CEO, wherein she informed him of the situation and asked for assistance resolving the matter. When Mr. Hanson responded, days later, he simply said that Plaintiff would be receiving a call from Bill Fisher (the head of HR), which never occurred.

11. On October 22, 2018, frustrated with the inability to get a straight answer, Plaintiff went to the HR department in person to speak with Meggen Davis. Ms. Davis told Plaintiff that she was unable to help her, but that another HR representative would be contacting her soon.

12. On October 23, 2018 Plaintiff was notified via email from Mr. Linville that she was suspended, but no explanation of why she was suspended was given. Plaintiff forwarded the email to Mr. Hanson and asked for help, but Mr. Hanson did not reply.

13. On October 29, 2018 Mr. Linville called Plaintiff on the telephone and informed her that she was terminated because they "could not have someone with [her] type of behaviors and condition here," referring to her medical condition (PTSD).

14. Plaintiff contends that she was discriminated against and retaliated against on the basis of her disability/perceived disability/record of impairment (and for complaining of the discrimination) in violation of her federally protected rights under the ADA.  Plaintiff also contends that she was discriminated against and retaliated against for utilizing time off work pursuant to the FMLA to tend to her serious medical condition in violation of her rights under the FMLA.

15. Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits such as income, and subjected her to emotional distress, inconvenience, embarrassment, mental anguish, and other damages and injuries.   Plaintiff is entitled to compensatory damages.

16. Furthermore, the Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA and the FMLA, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 1110
Fort Wayne, IN 46802
Telephone:   (260) 240-4644
Facsimile:   (260) 444-3441
E-mail:   Jennifer@jhitchcocklaw.com
Attorney for Plaintiff



Law Office of Jennifer L. Hitchcock
116 E. Berry St., Ste 1110
Fort Wayne, IN 46802

CERTIFIED MAIL

RETURN RECEIPT REQUESTED

7014 2290 0002 0904 2095

U.S. POSTAGE PAID
FCM RETTER
FORT WAYNE, IN
46802
OCT 08-19
AMOUNT
$7.00
R2304M113729-16

Zimmer, Inc.
Highest Ranking Officer
1800 W. Center Street
Warsaw, IN 46580